UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF CALIFORNIA, EX REL., NANCY A. SMITH AND WENDY S. JOHNSON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NEIL ALAN VAN DYCK, DPM,<br><br>　　　　Defendant. | No.  2:12-cv-01783-GEB-DAD<br><br>**RELATED CASE ORDER**<br><br>**[TO BE FILED UNDER SEAL IN EACH ACTION]** |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NEIL A VAN DYCK,<br>　　　　Defendant. | No.  2:15-cr-00200-JAM |

On September 28, 2015, the government filed a Notice of Related Cases under seal, in which it states:

> The United States of America . . . hereby gives notice that the above-captioned matters may be related cases within the meaning of Local Rule 123. These cases involve some of the same parties and/or witnesses, are based on the same or similar questions of fact and may involve similar questions of law, and reassignment to the

1

same district judge may avoid substantial duplication of labor by the Court.

Both of the above-captioned cases include allegations that defendant Neil A. Van Dyck engaged in healthcare fraud, including that the defendant knowingly caused to be submitted claims to Medi-Cal, Medicare, Tri-Care and private insurers for services that were not rendered or which were not reimbursable. In particular, the civil *qui tam* action filed against Van Dyck in <u>United States of America and State of California, ex rel., Nancy A. Smith and Wendy S. Johnson v. Neil Alan Van Dyck, DPM, et al.</u>, 2:12-cv-01783-GEB-DAD, alleges, among other things, that Van Dyck defrauded Medicare and Medi-Cal by submitting false claims for reimbursement with respect to his podiatric clinic. The case is presently filed under seal pursuant to 31 U.S.C. § 3730(b)(2)-(4) and has not been served upon Van Dyck.

The information filed on September 28, 2015 against Van Dyck in <u>United States v. Van Dyck</u>, 2:15-cr-00200 JAM, alleges that Van Dyck engaged in a healthcare fraud scheme from 2009 through 2014 by which he knowingly submitted or caused to be submitted false claims to Medi-Cal, Medicare, Tri-Care and private insurers for podiatric services that were not provided or which were not reimbursable, all in violation of Title 18, United States Code Section 1347. Accordingly, many of the same factual issues are attendant to both cases, and will involve much of the same evidence. Further, although there are different burdens of proof, and different procedural rules will apply between the two cases, there may be some common legal questions regarding the admissibility of evidence.

Finally, the United States notes that reassignment of the cases to the same district judge may be "likely to effect a substantial savings of judicial effort" because it will potentially avoid the "substantial duplication of labor" by the judiciary of this district, including any issues regarding discovery or admissibility of evidence and questions of fact. See EDCA L.R. 123(a)(3)-(4). Therefore, for the foregoing reasons, the United States believes that the above-captioned cases may be related

within the meaning of Local Rule 123.
(ECF No. 44.)

Examination of the above-entitled actions reveals that they are related within the meaning of Local Rule 123. Under the regular practice of this Court, related cases are generally assigned to the judge to whom the first filed action was assigned. Therefore, action No. 2:15-cr-00200-JAM is reassigned to Judge Garland E. Burrell, Jr. for all further proceedings, and any date currently set in the reassigned case is VACATED. Henceforth the caption on documents filed in the reassigned case shall show the initials "GEB."

Since action No. 2:12-cv-01783-GEB-DAD is a civil *qui tam* action currently under seal pursuant to 31 U.S.C. §§ 3730(b)(2)-(4), which has not yet been served on Neil Van Dyck, this order shall be filed under seal in each above-entitled action. Further, the order shall not be served on Neil Alan Van Dyck.

The Clerk of the Court shall make appropriate adjustment in the assignment of criminal cases to compensate for this reassignment.

Dated:   October 2, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3