UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, and THE STATE OF CALIFORNIA ex rel., NANCY A. SMITH, and WENDY S. JOHNSON, <br><br> Relators, <br><br> v. <br><br> NEIL ALAN VAN DYCK, DPM, NEIL ALAN VAN DYCK, DPM, Inc., <br><br> Defendants.[1] | No. 2:12-cv-1783-GEB-DB <br><br> **ORDER GRANTING IN PART AND DENYING IN PART RELATORS'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
|---|---|

Qui tam relators Nancy A. Smith and Wendy S. Johnson ("Relators") move for partial summary judgment against Neil Alan Van Dyck, DPM, ("Defendant") "on the causes of action for fraud that Defendant admitted to in his October 26, 2015 criminal plea," arguing that "[t]he undisputed facts confirm Relators are entitled to summary judgment on Causes of Action I and II of Relators' Second Amended Complaint . . . ." Mot. Partial Summ. J. at 1:21-24, ECF No. 90. Defendant filed a statement of non-opposition. Statement Non-Opp'n, ECF No. 91. Thereafter, the United States filed a statement of interest in which it seeks to "clarify several issues in Relators' Motion," Statement Interest at 1:21, ECF No. 92, and Relators responded to that statement,

---

[1] Defendant Neil Alan Van Dyck, DPM, Inc. has not yet appeared in this action and the Doe defendants have been dismissed. Therefore, the caption reflects dismissal of the Doe defendants.

1

Resp. Statement Interest, ECF No. 93.

Relators allege in Cause of Action I violations of the False Claims Act prescribed in 31 U.S.C. § 3729(a)(1)(A)-(B). Second Amended Complaint at ¶¶ 150-151, ECF No. 62. Relators allege in Cause of Action II violations of the California False Claims Act prescribed in Cal. Govt. Code § 12651(a)(1)-(2). Id. at ¶ 158. The "Relators [also] request partial summary judgment against Defendants [on these claims] in the amount of $3,775,000." Mot. Partial Summ. J. at 10:6-7. What these claims concern is encapsulated in the Second Amended Complaint as follows: "Relators . . . , on behalf of the United States and the State of California, seek redress under the Federal and California False Claims Acts for damages and penalties resulting from Defendants' submission of improper claims for payment to government funded insurance programs for services and durable medical equipment that were inadequately documented or otherwise unsupported and thus deemed not medically necessary." Second Amended Complaint at 1:21-27.

The United States asserts in its statement of interest that Relators are not entitled to summary judgment for themselves on either claim, and that summary judgment on the liability issues under the Federal False Claims Act should be entered for the United States and summary judgment on the liability issues under the California False Claims Act should be entered for the State of California. The United States also states:

> [A]lthough Relators request judgment against [Defendant] in the amount of $3,775,000, Relators have provided no evidence to support how this amount should be divided between the first and second cause of

2

actions. This deficiency is particularly salient because any judgment for damages under 31 U.S.C. § 3729(a)(1)(A)-(B) (Cause of Action I) must be paid to the United States, whereas any judgment for damages under Cal. Gov. Code §§ 12650-12655 (Cause of Action II) must be paid to the State of California. Here, Relators request judgment on both cause of actions, but offer no explanation on how the monies should be divided between the United States and the State of California. This issue must be resolved before judgment on damages can be entered under either cause of action in this case.

Moreover, once determined, those amounts will be for judgment to the government parties. Relators can only seek a percentage share – still to be determined – of the damages and civil penalty monies as they are actually recovered in this qui tam action. Id. § 3730(d)(2) (relator is paid out of the proceeds of the qui tam action). Any award to Relators is therefore dependent on the proceeds of this qui tam action. Thus, if Relators want to seek a share of any monies collected in the United States' criminal action against [Defendant], United States v. Van Dyck, Case No. 2:15-cr-00200 GEB, they must show entitlement to it in this action after the United States receives a judgment. Such issues were not briefed by Relators in the current motion and thus cannot be resolved through this motion. For example, the monies recovered in the criminal case included harm suffered by private insurance companies, which Relators cannot claim a share of. See 31 U.S.C. § 3729(b)(2) (defining the term "claim" to require a nexus with the United States). Additionally, the scope of conduct between the civil and criminal actions are not identical and thus those issues have to be addressed before a determination could be made of what amount, if any, Relators are entitled to.

Statement Interest at 3:2–3:22.

Each subject cause of action incorporates portions of the Second Amended Complaint and includes paragraphs which have not been shown to be undisputed facts. However, the following facts and admissions in the factual basis attached to Defendant's

3

plea agreement in the related previously filed criminal action are undisputed facts and admissions:

> From 2009 through 2014, [Defendant] offered "spa"-type services at his podiatric practice, including routine foot care. These services were typically performed by unlicensed staff in [Defendant]'s practice. In many instances, records reflect that [Defendant] was not even present at his podiatry practice when the billed-services were performed. Despite the fact that [Defendant], or more often his staff, were performing routine foot care that was not covered by Medicare, Medi-Cal, Tricare, or private insurance, [Defendant] submitted claims to these entities for podiatric services that falsely represented either that a "nail avulsion" service was performed (using billing code 11730), when in truth and in fact, routine foot care was performed, or that the routine foot care was necessitated by an injury or symptoms (using billing codes 11720 & 11721) that, in truth and fact, were not present.
>
> In addition, [Defendant] also purchased single-use-application Dermagraft skin substitute patches that are used to help in the wound closure for feet. [Defendant] cut the patches into multiple pieces which he then applied to different patients and for which he fraudulently billed Medicare for each application. Based on records obtained from Dermagraft and [Defendant]'s billing records, there were at least 50 instances where [Defendant] billed Medicare $1,500 per application where [Defendant] had altered the single-use Dermagraft patch and applied the pieces to multiple patients. Medicare paid [Defendant] $1,200 on each fraudulent bill submitted for the Dermagraft applications.
>
> . . . .
>
> The total amount of Fraudulent claims submitted to Medicare, Medi-Cal, Tricare, and private insurers under billing codes 11730, 11720, 11721, and for multiple applications of Dermagraft patches from 2009 to August 2014 was over $2,860,000. Those entities paid approximately $1,230,000 to Van Dyck on the fraudulent claims, including over $1,075,000 paid by Medicare, Medi-Cal, and Tricare, all

|   | of which are government health care programs. Additionally, Medicare rejected $240,000 in claims submitted under Codes 11730, 11720, and 11721 and Tricare rejected $65,015 in claims submitted under those claims. |

Factual Basis for Plea at A-1 through A-2, ECF No. 90-4.

Based on this undisputed evidence, the liability portion of the motion concerning this evidence is granted. However, the evidentiary record does not evince that summary judgment should be entered on damages, since the Relators failed to accompany the motion with a "Statement of Undisputed Facts," required by Local Rule 260(a), containing the damages and penalties sought "enumerated discretely." See Falcon Enterprises, Inc. v. Publishers Serv., Inc., 438 F. App'x 579, 582 (9th Cir. 2011) ("The district court appropriately denied [the] Motion for Partial Summary Judgment [because the movant] failed . . . to offer sufficient evidentiary support by neglecting to submit a statement of undisputed facts . . .").

The Relators make more precise arguments on the damages and penalty issues in their reply brief to the United States's statement of interest. Resp. Statement Interest at 2:4-3:11. However, this argument is not considered because the "general rule [is invoked that the movants] cannot raise a new issue for the first time in their reply briefs." State of Nev. v. Watkins, 914 F.2d 1545, 1560 (9th Cir. 1990). Therefore, the damages and penalties arguments in the Relators' reply brief are disregarded.

Accordingly, partial summary judgment is GRANTED against Defendant and in favor of the United States on the liability issues proscribed by the federal False Claims Act, and is GRANTED against Defendant and in favor of the State of

California on the liability issues proscribed in the California False Claims Act; the motion is otherwise DENIED.

Dated: February 14, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge