UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF CALIFORNIA ex rel., NANCY A. SMITH and WENDY S. JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>NEIL ALAN VAN DYCK, DPM, individually, et al.,<br><br>Defendants. | No. 2:12-cv-01783-MCE-DB<br><br>**ORDER** |

This action arose from Defendant Neil Alan Van Dyck's submission of false insurance claims to various government health insurers in violation of the False Claims Act, 31 U.S.C. § 3729, et seq. ("FCA"). On October 26, 2015, Defendant entered a plea admitting guilt in a criminal case, which served as the undisputed factual basis for this qui tam civil action. On October 22, 2018, this Court granted final judgment for the United States and the State of California (ECF No. 102), and thereafter entered final judgment. ECF No. 103. Presently before the Court are relators Nancy A. Smith and Wendy S. Johnson's ("Relators") Motion for an Award of Attorneys' Fees and Costs (ECF No. 104), to which Defendants Neil Alan Van Dyck, DPM, et al. ("Defendants") filed

1

a Statement of Non-Opposition. ECF No. 109. Based upon the Court's consideration of these documents Relators' Motion (ECF No. 104) is GRANTED.[1]

The FCA "provides for an award of attorney fees to successful plaintiffs." Gilbrook v. City of Westminster, 177 F.3d 839, 873 (9th Cir. 1999). These fees must be "reasonable." 31 U.S.C. § 3730(d). "A reasonable fee is that which is 'sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.'" K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015) (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010)). The court calculates the amount of attorney's fees by calculating a "lodestar" and "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." McCown v. City of Fontana Fire Dep't, 565 F.3d 1097, 1102 (9th Cir. 2009). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." Hensley, 461 U.S. at 431. However, in calculating the lodestar, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McCown, 565 F.3d at 1102 (quoting Hensley, 461 U.S. at 434). Although district judges "need not, and should not, become green-eyeshade accountants," Fox v. Vice, 563 U.S. 826, 838 (2011), the court should provide some indication of how it arrived at its conclusions. See Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008) ("When the district court makes its award, it must explain how it came up with the amount.").

As a general rule, in determining the lodestar figure, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Moreno, 534 F.3d at 1112. However, the party seeking an award of attorney's fees bears the burden of producing documentary evidence demonstrating "the number of hours spent, and how it determined the hourly rate(s) requested." McCown,

---

[1] Because oral argument was not of material assistance, this Court ordered the matter submitted on the briefs in accordance with Local Rule 230(g).

1 | 565 F.3d at 1102.  Then the burden shifts to the opposing party to submit evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  <u>Ruff v. County of Kings</u>, 700 F. Supp. 2d 1225, 1228 (E.D. Cal. 2010).

Because the lodestar figure is presumptively reasonable, "a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." <u>Van Gerwen v. Guarantee Mut. Life Co.</u>, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

Here, Relators seek $234,314 in attorneys' fees and $108,425.03 in costs, for a total of $342,739.03.  Relators' counsel produced documentary evidence demonstrating that 607.88 total hours were logged to this matter over the course of six years of litigation, at an average hourly rate of $385.46.  ECF No. 104-1 at 8.  This hourly rate is in-line with typical billing rates within this district and match the lodestar calculations for this matter.  <u>See</u> <u>Turk v. Gale/Triangle, Inc.</u>, No. 2:16-CV-00783-MCE-DB, 2017 WL 4181088, at *4 (E.D. Cal. Sept. 21, 2017) ("As many cases in the Eastern District observe, prevailing hourly rates in the Eastern District of California are in the $400/hour range, with some courts noting a higher range for partners, commensurate with experience.") (internal quotations and citations omitted).  Concerning costs, Relators incurred filing fees, copying fees, and research charges throughout this litigation.  The largest cost was spent upon a Medicare/Medicaid expert at $69,000 to review data analytics and compare Defendant Van Dyck's billing patterns with other doctors within the United States and California.  ECF No. 104-1, at 9.  This analysis confirmed Defendants' liability and corroborated the damages amount.  <u>Id.</u>

///

///

///

The Court finds that Relators' requested attorneys' fees and costs are reasonable. Accordingly, it is hereby ORDERED that:

1. Defendants shall pay to Relators their attorneys' fees in this case in the amount of $234,314.00;

2. Defendants shall pay Relators their costs in this case in the amount of $108,425.03.

3. Notwithstanding the entry of final judgment (ECF No. 102), this Court retains jurisdiction to enforce its Orders in this case.

IT IS SO ORDERED.

Dated: May 20, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE